**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
|     Plaintiff, | ) | Case No. 09 CR 332-6 |
| | ) | |
|     v. | ) | Judge Joan B. Gottschall |
| | ) | |
| ANDRES FLORES, | ) | |
|     Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Defendant Andres Flores filed a pro se motion to reduce his sentence pursuant to Amendment 782 to the Sentencing Guidelines [1538]. The government filed a response in opposition [1551]. Counsel filed an appearance for Mr. Flores and filed a reply stating that she "has reviewed the file, Mr. Flores' pro se motion, and the government's response, and has nothing to file in addition or in reply at this time" [1558]. For the following reasons, Mr. Flores' motion is denied.

### I. LEGAL STANDARD

Mr. Flores has filed a motion under 18 U.S.C. § 3582(c)(2), seeking a reduction in his sentence on the basis of Amendment 782 to the Sentencing Guidelines. Section 3582(c)(2) provides that:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Thus, § 3582(c)(2) allows the Court to reduce a previously imposed sentence where a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has

subsequently been lowered by the Sentencing Commission" retroactively. *United States v. Taylor*, 778 F.3d 667, 672 (7th Cir. 2015).

      Guideline § 1B1.10(a) provides that:

> In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (d) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

Guideline § 1B1.10(a)(2014). The relevant amendment here is Amendment 782, which "prohibits retroactive application of its provisions prior to November 1, 2015," revises the Drug Quantity Table in USSG § 2D1.1, and reduces the offense level applicable to certain drug offenses by two levels. *See United States v. Hairston*, No. 1:00-CR-00042, 2015 WL 3439227, at *1 (N.D. Ind. May 28, 2015).

## II. DISCUSSION

      The government asserts that Mr. Flores is not entitled to relief because he was sentenced pursuant to a specific, stipulated term of 175 months in a plea agreement entered under Fed. R. Crim. P. 11(c)(1)(C) that did not tie the stipulated sentence to a particular Guideline range. This is a correct recitation of the agreement as to sentencing that appears in the plea agreement. *See* Dkt. 448-1 (plea agreement), at ¶¶ 13-14. Alternatively, the government argues that even if Amendment 782 applies to Mr. Flores (which it disputes), he still would not be eligible for a sentencing reduction because he was responsible for approximately 900 kilograms of cocaine during the course of the conspiracy. According to the government, Mr. Flores' base offense level of 38, which is applied to defendants responsible for over 450 kilograms of cocaine, would

remain unchanged even under the Guidelines as amended by Amendment 782, causing his Guidelines range (292 to 365 months) to remain unchanged. Mr. Flores' counsel has taken no position.

"A defendant who agrees to a specific sentence in a plea agreement under Rule 11(c)(1)(C) generally is not eligible to receive a reduced sentence under § 3582(c)(2) because that statute does not grant relief for sentences based not on a guidelines range, but on an agreed term." *United States v. Scott*, 711 F.3d 784, 787 (7th Cir. 2013) (citing *Freeman v. United States*, 131 S.Ct. 2685, 2697-98 (2011) (Sotomayor, J., concurring)); *United States v. Dixon*, 687 F.3d 356, 359 (7th Cir. 2012) (concluding that Justice Sotomayor's concurrence in *Freeman* is the controlling opinion in a 4-4 decision).[1]

"The only exceptions occur when the plea agreement specifies that the sentence must be within an identified guidelines range or states that the basis for an agreed term is a particular sentencing range." *Scott*, 711 F.3d at 787 (citing *Freeman*, 131 S.Ct. at 2697-98 (Sotomayor, J., concurring)); *see also United States v. Buckley*, 571 F. App'x 472, 476 (7th Cir. 2014) (if a plea agreement neither "state[s] or even impl[ies]" that the agreed-upon term of imprisonment is

---

[1] Seventh Circuit law makes plain that unless a plea agreement directly references the defendant's applicable guidelines range, the defendant is not eligible to receive a reduced sentence under §3582(c)(2) because the sentence was not based on the guideline range but on an agreed term. *See, e.g., Scott*, 711 F.3d at 787; *Dixon*, 687 F.3d at 359; *see also United States v. Dismukes*, No. 04 CR 1090, 2010 WL 2350715, at *2-3 (N.D. Ill. June 11, 2010). Having sentenced countless defendants based on Rule 11(c)(1)(c) agreements, this court recognizes the governing law but strongly disagrees with it. First, as this court is required to do, it calculates the guideline range in every case, even cases with Rule 11(c)(1)(c) agreements; consideration of the guideline range always informs every decision whether to accept the parties' agreement. Second, while the court is not a party to plea negotiations, it cannot even imagine that the applicable guideline range does not inform the government's plea offers and the defendant's willingness to accept them; these sentencing agreements do not materialize out of thin air but are formed in the context of guideline expectations.

based on a Guidelines range nor indicates that the basis for the term of imprisonment is a Guidelines range that might later be lowered, the defendant is not eligible for a reduction under § 3582(c)(2)).

Mr. Flores' plea agreement states that if the government moves for a § 5K1.1 departure:

> the agreement will be governed, in part, by Federal Rule of Civil Procedure 11(c)(1)(C). That is, the parties have agreed that the sentence imposed by the Court shall include a term of imprisonment in the custody of the Bureau of Prisons of 175 months. Other than the agreed term of incarceration, the parties have agreed that the Court remains free to impose the sentence it deems appropriate.

Dkt. 448-1 (plea agreement), at ¶ 14. This language demonstrates that Mr. Flores' sentence was based on the specified term of imprisonment in the plea agreement, not a Guidelines range.

Accordingly, Mr. Flores' request for a reduction in his sentence is denied. Based on this conclusion, the court will not reach the government's alternative argument.

### III. CONCLUSION

Defendant Andres Flores' motion to reduce his sentence pursuant to Amendment 782 to the Sentencing Guidelines [1538] is denied.


Date: September 28, 2015  /s/
Joan B. Gottschall
United States District Judge